*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORVEN TECHNOLOGIES, INC., | Civ. Action No.: 16-7397 (FLW)(DEA) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| INSIGHT TECHNOLOGIES, INC., and MARK ALLEN FUKUI, | |
| Defendants. | |

**WOLFSON, United States District Judge:**

Plaintiff Lorven Technologies, Inc. ("Plaintiff") commenced this contract-based action against defendants Insight Technologies, Inc. ("Insight")[1] and Mark A. Fukui ("Fukui" or "Defendant") (collectively, "Defendants"), alleging that Defendants failed to make payments for software consulting services provided by an employee of Plaintiff. Presently before the Court is Fukui's motion to dismiss the Complaint and, alternatively, to transfer this action to the Eastern District of California. For the reasons set forth below, Fukui's motion to transfer is **GRANTED**, pursuant to 28 U.S.C. § 1406, and his motion to dismiss is **DENIED** without prejudice, with the right to refile such motion in

---

[1] Fukui was served on September 18, 2016. See Notice of Removal, ¶¶ 5–6. However, Insight has not been served with the summons and Complaint. See id. at ¶ 6. In its opposition brief, Plaintiff claims that it has attempted to serve Insight on at least twelve separate occasions. See Pl.'s Br. in Opp. at pg. 3. Indeed, Plaintiff asserts that it has attempted service at several different addresses. Id. In his supplemental certification, Fukui has provided Plaintiff with the name of an attorney that represents Insight. See Supplemental Certification of Mark A. Fukui ("Fukui Supp. Cert."), ¶ 8.

1

the transferee court.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual allegations in this matter are relatively straightforward.[2] Plaintiff is a New Jersey corporation with its principal place of business in Plainsboro, New Jersey. See Compl., ¶ 1. Defendants both reside in an area of California that falls within the vicinity of the Eastern District of California. Fukui is a resident of Folsom, California.[3] See Certification of Mark A. Fukui ("Fukui Cert."), ¶ 3. Insight is a California corporation with its principal place of business in Sacramento, California. Id. at ¶ 4. While it is unclear what specific position Fukui held at Insight, it is undisputed that Fukui was closely involved in the negotiations between the parties.

Generally, the California Department of Transportation ("CalTrans") contracted with International Network Consulting Incorporated ("International") on a transportation project, and International subcontracted with Insight to provide consulting services. See id. at ¶ 8. Defendants proceeded to contact Plaintiff "for the purpose of providing technology consulting services on [the] project in California." Certification of Bala Shan ("Shan Cert."), ¶ 2. In December 2013, Plaintiff entered into an Independent Contractor

---

[2] In deciding a motion to transfer, a district court may consider "affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary elements for transfer." Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-57 (3d Cir. 1973); see Huang v. Sonus Networks, Inc., No. 15-2407, 2016 U.S. Dist. LEXIS 36009, at *1 (D.N.J. Mar. 21, 2016).

[3] In his Notice of Removal, Fukui stated that he is a resident of Rancho Cordova, California. Notice of Removal, ¶ 4. On this motion, such a discrepancy is immaterial, since both Folsom and Rancho Cordova are located within the Eastern District of California.

2

Services Agreement (the "Agreement") with Insight, whereby Plaintiff agreed to send its employee, Manjunath Krishnappa ("Krishna"), to perform software consulting services on the CalTrans project. See Fukui Cert., Ex. C, the Statement of Work at pg. C-1; see also Shan Cert., ¶ 7 ("As part of the Agreement, I sent a Lorven employee, Manjunath Krishnappa… to work on the Project in California.").

Plaintiff claims that, during the negotiation process, Bala Shan ("Shan"), its president and chief executive officer, only communicated with Fukui, and that Shan and Fukui conducted multiple conversations by telephone and other means of communication. Shan Cert., ¶¶ 3-4; see Fukui Supp. Cert., ¶ 6. Defendant asserts that Insight drafted the Agreement. See Fukui Supp. Cert., ¶ 7. According to Plaintiff, "[u]pon finalizing the terms of the Agreement, Fukui sent [Shan] a copy of the Agreement," and Shan signed it while located in New Jersey. See Shan Cert., ¶¶ 5-6; see also Fukui Cert., Ex. C. Plaintiff returned the signed Agreement to Insight in California. See Shan Cert., ¶ 6. Defendant then signed that document, on behalf of Insight, "after it had been signed by [Plaintiff]." See Fukui Supp. Cert., ¶ 7; see also Fukui Cert., Ex. C.

Once Krishna began working on the project, Plaintiff started sending invoices to Insight. See Shan Cert., ¶ 8. When Plaintiff did not receive any payments, Shan contacted Fukui, who guaranteed that "Insight was going to pay [Plaintiff]." Id. at ¶¶ 9-11. However, Plaintiff alleges that the unpaid invoices continued to accumulate, so Shan "contacted Fukui more frequently." Id. at ¶ 12. According to Plaintiff, Fukui repeatedly represented that Insight would make the required payments. Id. at ¶¶ 13–14. Based on those assurances, Plaintiff directed Krishna to continue his work on the project for CalTrans. Id. In total, Plaintiff asserts that Insight has failed to make payments in the

3

amount of $96,480.00.  See Compl., ¶ 5; see also Shan Cert., ¶ 15.

On June 29, 2016, Plaintiff commenced this action by filing its Complaint in the Superior Court of New Jersey, Middlesex County, Law Division.  The Complaint asserts the following state law claims: (i) breach of contract, (ii) *quantum meruit*, (iii) book account balance, (iv) breach of duty of good faith and fair dealing, (v) conversion, and (vi) fraud and misrepresentation.  On October 17, 2016, Fukui removed the instant action to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  After removal, Fukui moved to dismiss this action, under Fed. R. Civ. P. 12(b)(6) and 9(b), and, alternatively, to transfer to the Eastern District of California under 28 U.S.C. § 1406 and § 1404(a).

## II. DISCUSSION

28 U.S.C. § 1406 and § 1404(a) govern changes in venue.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); see also 28 U.S.C. § 1406; 28 U.S.C. § 1404(a).  The Third Circuit has explained that "Section 1406… applies where the original venue is improper and provides for either transfer or dismissal of the case," while "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper."  Jumara, 55 F.3d at 878; see Gates v. Quaker Oats Co., No. 16-1944, 2016 U.S. Dist. LEXIS 101493, at *3-4 (D.N.J. Aug. 3, 2016).  While Fukui moves to transfer venue under Sections 1406 and 1404(a), the Court concludes that the District of New Jersey is an improper venue under Section 1406.  Thus, the Court need not address the motion to transfer under Section 1404(a).

### a. **Transfer Based on Improper Venue**

Under Section 1406, a court must determine whether the original venue is proper.

Jumara, 55 F.3d at 878; see Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994); see also Great W. Mining & Mineral Co. v. ADR Options, Inc., 434 Fed. Appx. 83, 86 (3d Cir. 2011) (stating that "the burden of proving lack of proper venue remains – at all times – with the defendant."). 28 U.S.C. § 1391(b) instructs that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).[4] The Third Circuit has stated that Section 1391(b)(2) "favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.'" Cottman Transmission Sys., Inc., 36 F.3d at 294. "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Id.

Relevant here, when "determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, '[t]he test… is not the defendant's 'contacts' with a particular district, but rather the location of those

---

[4] Section 1391(b)(1) is inapplicable because Defendants are from California, not New Jersey. Similarly, Section 1391(b)(3) is also inapplicable, since that provision only applies if "there is no district in which an action may otherwise be brought." As discussed infra, the Court is satisfied that this action could have been brought in the Eastern District of California. Therefore, the Court shall focus on whether venue is proper under Section 1391(b)(2).

5

'events or omissions giving rise to the claim.'" Bockman v. First Am. Mktg. Corp., 459 Fed. Appx. 157, 161 (3d Cir. 2012) (alteration in original) (quoting Cottman Transmission Sys., Inc., 36 F.3d at 294). In addition, "it is [also] necessary to look at the nature of the dispute." Cottman Transmission Sys., Inc., 36 F.3d at 295; see Stalwart Capital, LLC v. Warren St. Partners, LLC, No. 11-5249, 2012 WL 1533637, at *4 (D.N.J. Apr. 30, 2012). Finally, in cases with multiple claims, the court must determine whether venue is proper for each claim. See Fuentes v. Mehra, No. 14-8118, 2015 WL 3754705, at *2 (D.N.J. June 15, 2015) ("Importantly, venue must be proper as to each claim."); Cmty. Surgical Supply of Tom's River, Inc. v. Medline Diamed, LLC, No. 11-221, 2011 WL 3235706, at *3 (D.N.J. July 28, 2011) ("In cases with multiple claims, venue must be proper as to each claim.").

Before considering the merits, the Court must address a threshold issue. Although Insight has not been served, the Court may still "transfer the entire case to a venue that would be proper as to all defendants," including non-moving parties. See American Water Works Co., Inc. v. Utility Workers Local 423, No. 11-1462, 2011 WL 4457049, at *3 (D.N.J. Sept. 23, 2011) (noting that courts may also "sever the defendants for which venue is improper and transfer those cases."); see also Cottman Transmission Sys., Inc., 36 F.3d at 296. In the Complaint, the claims against Fukui are inextricably intertwined with the claims against Insight. Thus, the Court concludes that severing the claims against Fukui and Insight would not serve the interests of justice, since it "would require the same issues to be litigated in two places." Cottman Transmission Sys., Inc., 36 F.3d at 296 (internal quotation marks and citation omitted). Instead, this Court exercises its

discretion to analyze whether venue is proper in the District of New Jersey for both Fukui and Insight. Id.

i. **Breach of Contract**

In connection with its breach of contract claim in Count One, Plaintiff contends that venue is proper in this District, since Shan negotiated with Defendants from New Jersey, and that Shan executed the Agreement in this State. To determine where a substantial part of the claim occurred, courts must examine "where the contract was negotiated, executed, performed, and breached." Stalwart Capital, LLC, 2012 WL 1533637, at *4; see J.F. Lomma, Inc. v. Stevenson Crane Servs., Inc., No. 10-3496, 2011 WL 463051, at *4-5 (D.N.J. Feb. 3, 2011). With that said, courts place a strong emphasis on where the contract was performed, and where it was breached. See McNulty v. J.H. Miles & Co., 913 F. Supp. 2d 112, 119 (D.N.J. 2012); see also Lackawanna Chapter of Ry. & Locomotive Historical Soc., Inc. v. St. Louis County., No. 02-994, 2004 WL 503447, at *9-10 (M.D. Pa. Mar. 12, 2004). When a claim is predicated on the failure to pay, "the locus of the action is where the party failed take that action rather than where the result is felt." McNulty, 913 F. Supp. 2d at 119 (quoting Stalwart Capital, LLC, 2012 WL 1533637, at *4).

In the instant matter, the Court concludes that the locus of the breach of contract claim occurred in California, notwithstanding that Plaintiff complains that it felt the alleged breach in this State.[5] In particular, Plaintiff sent Krishna to California to perform

---

[5] Plaintiff relies on Print Data Corp. v. Morse Financial, Inc., No. 01-4430, 2002 WL 1625412, at *5-6 (D.N.J. July 12, 2002) in support of its argument. However, Print Data Corp. is distinguishable. In that case, the court focused on the fact that "substantial aspects of the relevant agreements would have required performance by Defendants in New Jersey," and that "[t]he alleged breach of and interference with those agreements

7

consulting services for CalTrans, a governmental entity and a client of Insight. See Fukui Cert., Ex. C; see also Shan Cert., ¶ 7. Under the Agreement, Krishna was not required to perform any work in New Jersey. In exchange for providing a consultant for the CalTrans project, it is undisputed that Insight agreed to pay Plaintiff for the services performed by Krishna. Nonetheless, Plaintiff claims that Insight failed to pay any invoices, which is the basis for this lawsuit. Thus, based on those facts and circumstances, the Agreement clearly required the consulting services to be performed in California, and Insight failed to pay Plaintiff from California. See McNulty, 913 F. Supp. 2d at 119.

Furthermore, although Plaintiff contends that it communicated with Defendants from this State, courts have explained that, while in-person meetings may be considered substantial, "electronic and telephonic negotiations between two districts do not necessarily create a substantial event." Stalwart Capital, LLC, 2012 WL 1533637, at *4; see CLP Packaging Sols., Inc. v. Sports Pouch Beverage Co., Inc., No. 07-1532, 2008 WL 2095774, at *3 (D.N.J. May 16, 2008). Here, the parties do not suggest that Fukui, or another Insight representative, attended meetings in New Jersey to negotiate or execute the Agreement. Instead, the Agreement was negotiated through telephonic communications. Such events are not adequately substantial to give rise to venue in New Jersey. See Stalwart Capital, LLC, 2012 WL 1533637, at *4; see also CLP Packaging Sols., Inc., 2008 WL 2095774, at *3. Relatedly, the Agreement was only partially executed in the State of New Jersey. Plaintiff signed a mailed copy of the Agreement in

---

stemmed directly from Defendants' failure to follow through on the portions of the agreements that would have required conduct in New Jersey." Id. at *6. Here, the events triggering the dispute – namely, performance and breach – occurred in California.

8

this State, while Fukui signed the Agreement on behalf of Insight in California. However, without additional conduct occurring in this State, the partial execution of the Agreement in New Jersey is not sufficiently substantial to establish venue. Accordingly, even though some events occurred in this District, New Jersey is not the proper venue for the breach of contract claim. See Cottman Transmission Sys., Inc., 36 F.3d at 294.

**ii.     Quantum Meruit**

In Count Two, Plaintiff asserts a claim for *quantum meruit* against Insight, which Black's Law Dictionary defines as "[a] claim or right of action for the reasonable value of services rendered." Black's Law Dictionary (10th ed. 2014). *Quantum meruit* is an equitable doctrine that "requires a defendant to pay a plaintiff the reasonable value of services rendered even though there was no contract to do so." Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 471 (D.N.J. 1999); see Canadian Nat. Ry. v. Vertis, Inc., 811 F. Supp. 2d 1028, 1033 (D.N.J. 2011). Similar to the breach of contract claim, the *quantum meruit* claim arises from the failure to pay for consulting services rendered in the State of California. See Iwanowa, 67 F. Supp. 2d at 471. Because "[q]uantum meruit is a quasi-contractual remedy in which a contract is implied-in-law under a theory of unjust enrichment, and not an actual contract at all," Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 998-99 (3d Cir. 1987) (internal quotation marks and citation omitted), the court must examine where performance was rendered, and breach committed, in order to determine where a substantial part of this particular claim occurred. See Cottman Transmission Sys., Inc., 36 F.3d at 295.

In the instant matter, assuming that the *quantum meruit* claim is viable,[6] the Court finds that the relevant events, i.e., performance and breach, occurred in California. Specifically, while Plaintiff is located in this State, it is undisputed that Krishna performed consulting services for CalTrans in California. In that connection, Plaintiff asserts that Insight, a California corporation, failed to make payments to Plaintiff for the services provided. The only connection to this State is that Plaintiff is expected to be paid, here. Similar to the breach of contract claim, the operative inquiry is where the party failed to take action, and not where the result is felt. See McNulty, 913 F. Supp. 2d at 119; see also Stalwart Capital, LLC, 2012 WL 1533637, at *4. Although Plaintiff expected to be paid in this State, the failure to pay for the reasonable value of the services occurred in California. Accordingly, the Court is satisfied that New Jersey is an improper venue for the *quantum meruit* claim.

### iii. Book Account

In Count Three, Plaintiff also asserts a book account claim against Insight. "A book account claim is one of the recognized remedies in New Jersey to recover the moneys due for goods sold and delivered." CPS MedManagement, LLC v. Bergen Reg'l Med. Ctr., L.P., 940 F. Supp. 2d 141, 151 (D.N.J. 2013) (internal quotation marks and citation omitted). Courts have explained that "[i]t is similar in nature to a breach of contract, except that the amount owed for services rendered can be proved by a statement of account." Manley Toys, Ltd. v. Toys "R" Us, Inc., No. 12-3072, 2013 WL 244737, at *5 (D.N.J. Jan. 22, 2013) (internal quotation marks and citation omitted). Because the

---

[6] *Quantum meruit* does not apply if there is a contract. See Hershey Foods Corp., 828 F.2d at 998-99; see also Iwanowa, 67 F. Supp. 2d at 471.

book account claim is nearly identical to the breach of contract claim, this Court will treat those claims the same for the purpose of this motion, and as such, venue in New Jersey is improper. See CPS MedManagement, LLC, 940 F. Supp. 2d at 151.

### iv. Breach of Duty of Good Faith and Fair Dealing

In Count Four, Plaintiff asserts that Insight breached its duty of good faith and fair dealing, which requires that a defendant "has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." Gotthelf v. Toyota Motor Sales, U.S.A., Inc., 525 Fed. Appx. 94, 106 (3d Cir. 2013) (internal quotation marks and citation omitted). Stated differently, a party must act with an improper motive. See Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 231 (2005). As alleged in the Complaint, Insight denied Plaintiff the benefit of the bargain by failing to pay for services rendered. As discussed surpa, the purported wrongful conduct occurred in California, not New Jersey. Accordingly, New Jersey is not the proper venue for this particular claim against Insight.

### v. Conversion

In Count Five, Plaintiff alleges that Fukui has intentionally converted monies and services that Plaintiff provided to Insight. Courts in this district define conversion as the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." Ricketti v. Barry, No. 13-6804, 2015 WL 1013547, at *8 (D.N.J. Mar. 9, 2015) (internal quotation marks and citation omitted); see Slim CD, Inc. v. Heartland Payment Sys., Inc., No. 06-2256, 2007 WL 2459349, at *12 (D.N.J. Aug. 24, 2007). In the context of venue, "an out-of-state defendant's failure to return items to an in-state

plaintiff constitutes an omission that occurs where the defendant is located, not where the plaintiff is located." Lackawanna Chapter of Ry. & Locomotive Historical Soc., Inc., 2004 WL 503447, at *4 (citing Cottman, 36 F.3d at 295). In the instant matter, with respect to the substantiality requirement under Section 1406, the conduct at issue is that Fukui, while working in California, intercepted and exercised dominion over the funds owed to Plaintiff, and that Fukui failed to return those funds to Plaintiff, which is located in New Jersey. Because the refusal occurred in the State of California, this District is an improper venue. See Lackawanna Chapter of Ry. & Locomotive Historical Soc., Inc., 2004 WL 503447, at *4.

### vi. Fraud and Misrepresentation

In Count Six, Plaintiff asserts that Fukui made misrepresentations to Plaintiff that Insight was capable of making payments, and that Plaintiff relied on such statements to its detriment. In order to establish a claim for common law fraud, a plaintiff must assert: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Perry v. Gold & Laine, P.C., 371 F. Supp. 2d 622, 627 (D.N.J. 2005). When analyzing venue, the relevant inquiry must focus on where the alleged material misrepresentations were made. See Markel Ins. Co. v. Masluf Realty Corp., No. 13-5057, 2014 WL 1302079, at *3 (D.N.J. Mar. 28, 2014) (holding that venue was not proper in the District of New Jersey, since "it is unlikely that any alleged misrepresentation that Defendant made to Plaintiff would have occurred in New Jersey."). Here, while the resulting harm to Plaintiff purportedly occurred in New Jersey, the alleged misrepresentations emanated from the

State of California. Specifically, Plaintiff claims that Fukui repeatedly assured Shan that Insight was able to make the required payments under the Agreement, but those representations were purportedly false. Accordingly, a substantial part of events giving rise to the claim for fraud occurred in California, making venue improper in New Jersey.

Finally, when venue is improper in the original district, the court must determine whether the lawsuit "could have been brought" in the transferee court. 28 U.S.C. § 1406(a); see Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 168 (3d Cir. 1982); see also Woodell v. Ethicon, Inc., No. 15-7669, 2016 U.S. Dist. LEXIS 112667, at *9-10 (D.N.J. Aug. 24, 2016). Here, the Court finds that venue is proper in the Eastern District of California under Section 1391(b)(1), because all of the Defendants reside within that district. Fukui is a resident of Folsom, California, and Insight is a California corporation with its principal place of business in Sacramento, California. In addition, venue is also proper under Section 1391(b)(2). As discussed supra, a substantial amount of the events and omissions giving rise to this dispute occurred in California, specifically the Eastern District of California. The Agreement was to be performed in California. Insight purportedly failed to make payments to Plaintiff while located in California. When Shan reached out to Fukui about the nonpayments, Fukui allegedly misrepresented the ability of Insight to make payments from California. Accordingly, the Court is satisfied that venue is proper in the Eastern District of California.

### III. CONLUSION

For the reasons set forth above, Fukui's motion to transfer to the Eastern District of California is **GRANTED**, and his motion to dismiss for failure to state a claim is **DENIED** without prejudice. Fukui may refile his motion to dismiss in the Eastern

District of California once this matter has been transferred.


DATE: June 21, 2017                     /s/ Freda L. Wolfson
                                        The Honorable Freda L. Wolfson
                                        United States District Judge